1
2
3              UNITED STATES DISTRICT COURT
4                    DISTRICT OF NEVADA
5                          * * *
6  DANIEL S. PORTER,                    Case No. 3:22-cv-00089-MMD-CLB
7                       Petitioner,             ORDER
8        v.
9  GARRETT, *et al.*,
10                     Respondents.
11

12        Petitioner Daniel S. Porter, a Nevada prisoner, has filed a counseled Third-

13  Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 27

14  ("Third-Amended Petition").) Currently before the Court is Respondents' motion to dismiss

15  the Third-Amended Petition. (ECF No. 41 ("Motion").) Porter opposed the Motion, and

16  Respondents replied. (ECF Nos. 47, 51.) For the reasons discussed below, the Court

17  grants the Motion, in part.

18  **I.    BACKGROUND**

19        A jury found Porter guilty of three counts of sexual assault with the use of a deadly

20  weapon, battery with the intent to commit sexual assault with the use of a deadly weapon,

21  first-degree kidnapping with the use of a deadly weapon, and robbery with the use of a

22  deadly weapon. (ECF No. 10-9.) Porter was sentenced to an aggregate total of life in

23  prison with parole eligibility after a minimum of 62 years. (*Id.*) Porter appealed, and the

24  Nevada Court of Appeals affirmed on April 28, 2017. (ECF No. 10-15.)

25        On December 19, 2017, Porter petitioned the state court for post-conviction relief.

26  (ECF No. 10-17.) The state court denied Porter's petition. (ECF No. 10-21.) Porter

27  appealed, and the Nevada Supreme Court affirmed on November 10, 2021. (ECF No. 10-

28  26.)

                                    1

Porter commenced this federal habeas action on or about February 14, 2022. (ECF No. 1.) This Court granted Porter's motion for the appointment of counsel and appointed the Federal Public Defender to represent Porter. (ECF Nos. 5, 12.) Porter filed a counseled First-Amended Petition, counseled Second-Amended Petition, and counseled Third-Amended Petition. (ECF Nos. 13, 14, 27.) Porter raises the following grounds for relief in his Third-Amended Petition:

| | |
|---|---|
| 1.1 | His trial counsel failed to investigate. |
| 1.2 | His trial counsel failed to cross-examine witnesses. |
| 2. | The trial court failed to grant a continuance for further DNA analysis. |
| 3. | The evidence was insufficient to support his convictions. |
| 4.1 | His trial counsel failed to investigate and properly prepare for trial. |
| 4.2 | His trial counsel failed to object to multiple instances of prosecutorial misconduct during closing arguments. |
| 4.3 | His trial counsel failed to object to portions of the expert's testimony. |
| 5. | His appellate counsel was ineffective. |
| 6. | The prosecution committed prosecutorial misconduct during closing arguments. |
| 7. | There were cumulative errors raised on state post-conviction. |
| 8. | His sentence violated his right to be free from cruel and unusual punishment. |

(ECF No. 27.)

## II.   LEGAL STANDARDS & ANALYSIS

Respondents argue that (1) any claims in the Third-Amended Petition that do not relate back to a timely petition must be dismissed as untimely; (2) Porter failed to develop the factual basis for ground 1.1; (3) grounds 1, 6, and 7 are unexhausted; (4) all technically exhausted grounds should be dismissed as procedurally defaulted; (5) grounds 1.2 and 4.2 are not cognizable; and (6) grounds 1.1 and 4.1 are duplicative. (ECF No. 41.) The Court will address these arguments in turn.

### A.   Timeliness

Respondents argue that Porter's Third-Amended Petition is untimely and because ground 1.1 does not relate back to his timely original petition or his timely Second-Amended Petition and must be dismissed. (ECF No. 41 at 5–6.)

A new claim in an amended petition that is filed after the expiration of the Antiterrorism and Effective Death Penalty Act one-year limitation period will be timely only

if the new claim relates back to a claim in a timely-filed pleading on the basis that the claim arises out of "the same conduct, transaction or occurrence" as a claim in the timely pleading. *Mayle v. Felix*, 545 U.S. 644 (2005). In *Mayle*, the United States Supreme Court held that habeas claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as claims in the original petition merely because the claims all challenge the same trial, conviction, or sentence. *Id.* at 655-64. Rather, habeas claims asserted in an amended petition relate back "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." *Id.* at 657. In this regard, the reviewing court looks to "the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Id.* at 659.

Ground 1.1 in Porter's timely Second-Amended Petition asserted that his trial counsel was ineffective for failing to investigate. (ECF No. 14 at 27-34.) Specifically, Porter alleged that his attorney failed to investigate the DNA evidence in the case. (*Id.*) The only difference between ground 1.1 in the Second-Amended Petition and ground 1.1 in the Third-Amended Petition is that the Third-Amended Petition includes details from Porter's DNA expert. (ECF No. 27 at 31-36.) The addition of this factual support does not mean that ground 1.1 of the Second-Amended Petition and ground 1.1 of the Third-Amended Petition do not share a common core of operative facts. *See Mayle*, 545 U.S. at 659. Indeed, the operative fact remains the same: Porter's trial counsel was ineffective in investigating the DNA evidence. As such, the Court finds that ground 1.1 of the Third-Amended Petition relates back and is timely.

Relatedly, Respondents argue that Porter failed to develop the factual basis for ground 1.1, so this Court should dismiss ground 1.1 or strike the new evidence. (ECF No. 41 at 11.) The new evidence is Porter's report from the DNA expert, which was not part of the state court record. Porter rebuts that this Court can consider this new evidence because he attempted to develop it in the state court but was denied. (ECF No. 47 at 10.) The Court will not dismiss the entirety of ground 1.1 and defers ruling on the request to

strike this new evidence until the time of merits review given that the Court has found, as is outlined below, that ground 1.1 is unexhausted.

### B.    Exhaustion

Respondents argue that grounds 1.1, 1.2, 6, and 7 are unexhausted. (ECF No. 41 at 7.) A state prisoner must exhaust state court remedies on a habeas claim before presenting that claim to the federal courts. *See* 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *See Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014). To present a claim fully and fairly, a petitioner must present the substance of his claim to the state courts, and the claim presented to the state courts must be the substantial equivalent of the claim presented to the federal court. *See Picard v. Connor*, 404 U.S. 270, 278 (1971). The state courts have been afforded a sufficient opportunity to hear an issue when a petitioner has presented the state court with the issue's factual and legal basis. *See Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999). A petitioner may reformulate his claims so long as the substance of his argument remains the same. *Picard*, 404 U.S. at 277-78.

### 1.    Ground 1.1

As a reminder, in ground 1.1, Porter alleges that his trial counsel was ineffective for failing to investigate the DNA evidence. (ECF No. 27 at 31.) Porter argues that this ground is exhausted because he attempted to raise it before the state court, and even though the state court denied his request to hire a DNA expert to support this ground, he appealed that denial to the Nevada appellate courts. (ECF No. 47 at 15-16.) The Court disagrees. In his appeal to the Nevada Supreme Court, "Porter argue[d] that counsel should have further investigated and challenged the DNA evidence by retaining a defense expert." (ECF No. 10-26 at 3.) However, importantly, the Nevada Supreme Court denied this claim, in part, because "Porter does not argue, nor has he alleged sufficient facts to

demonstrate, that independent expert testing would have yielded different results." (*Id.*) The addition of the DNA expert's report in ground 1.1 warrants a finding that ground 1.1 is unexhausted. *See Dickens v. Ryan*, 740 F.3d 1302, 1318 (9th Cir. 2014) ("A claim has not been fairly presented in state court if new factual allegations either fundamentally alter the legal claim already considered by the state courts, or place the case in a significantly different and stronger evidentiary posture than it was when the state courts considered it.").

### 2.    Ground 1.2

In ground 1.2, Porter alleges that his trial counsel failed to cross-examine witnesses. (ECF No. 27 at 36.) Porter acknowledges that ground 1.2 is unexhausted. (ECF No. 47 at 21.) However, Porter asserts that ground 1.2 is technically exhausted and procedurally defaulted and that he can overcome the procedural default under *Martinez v. Ryan*, , 566 U.S. 1 (2012). (*Id.* at 22.)

A claim may be considered procedurally defaulted if "it is clear that the state court would hold the claim procedurally barred." *Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002). Porter would face several procedural bars if he were to return to state court. *See, e.g.*, NRS §§ 34.726, 34.810. Nevada has cause-and-prejudice and fundamental miscarriage of justice exceptions to its procedural bars, which are substantially the same as the federal standards. If a petitioner has a potentially viable cause-and-prejudice or actual-innocence argument under the substantially similar federal and state standards, then they cannot establish that "it is clear that the state court would hold the claim procedurally barred." *Sandgathe*, 314 F.3d at 376. For that reason, the courts in this district have generally declined to find a claim subject to anticipatory procedural default unless the petitioner represents that he would be unable to establish cause and prejudice in a return to state court. In such a case, the claim would generally be subject to immediate dismissal as procedurally defaulted, as the petitioner would have conceded that he has no grounds for exception to the procedural default in federal court.

A different situation is presented, however, where the Nevada state courts do not recognize a potential basis to overcome the procedural default arising from the violation of a state procedural rule that is recognized under federal law. In *Martinez*, the Supreme Court held that the absence or inadequate assistance of counsel in an initial-review collateral proceeding may be relied upon to establish cause excusing the procedural default of a claim of ineffective assistance of trial counsel. *See id.* at 9. The Nevada Supreme Court does not recognize *Martinez* as cause to overcome a state procedural bar under Nevada state law. *See Brown v. McDaniel*, 331 P.3d 867, 875 (Nev. 2014). Thus, a Nevada habeas petitioner who relies upon *Martinez*—and only *Martinez*—as a basis for overcoming a state procedural bar on an unexhausted claim can successfully argue that the state courts would hold the claim procedurally barred but that he nonetheless has a potentially viable cause-and-prejudice argument under federal law that would not be recognized by the state courts when applying the state procedural bars.

Here, Porter advances only *Martinez* as a basis for excusing the anticipatory default of ground 1.2. Accordingly, the Court considers ground 1.2 to be technically exhausted and procedurally defaulted. Because the analysis of cause and prejudice to overcome the procedural default of ground 1.2 is necessarily intertwined with the merits of ground 1.2, the Court defers a determination of whether Porter can overcome the procedural default of ground 1.2 until the time of merits determination.

### 3.    Ground 6

In ground 6, Porter alleges that the state committed prosecutorial misconduct during closing arguments. (ECF No. 27 at 67.) Respondents contend that Porter only presented a related claim of ineffective assistance of counsel for counsel's failure to object to the instances of prosecutorial misconduct, but he did not present the underlying claim of prosecutorial misconduct. (ECF No. 41 at 10.) Porter rebuts that he presented both an ineffective assistance of counsel claim for failing to object to several instances of prosecutorial misconduct *and* the underlying prosecutorial misconduct claims. (ECF No. 47 at 18.) Although Porter argued the facts of the underlying prosecutorial misconduct

claims to support his argument that his trial counsel was ineffective for failing to object, this fails to exhaust the underlying prosecutorial misconduct claim. *See Rose v. Palmateer*, 395 F.3d 1108, 1112 (9th Cir. 2005) ("Here, although Rose's Fifth Amendment claim is related to his claim of ineffective assistance, he did not fairly present the Fifth Amendment claim to the state courts when he merely discussed it as one of several issues which were handled ineffectively by his trial and appellate counsel. While admittedly related, they are distinct claims with separate elements of proof, and each claim should have been separately and specifically presented to the state courts."). Ground 6 is unexhausted.

### 4.    Ground 7

In ground 7, Porter alleges that the cumulative errors raised in his state post-conviction petition—in other words, grounds 4, 5, and 6 of his instant Third-Amended Petition—prejudiced him. (ECF No. 27 at 68.) However, Porter then confusingly states that "[t]he errors set forth in Claims 3 and 5 [of his Third-Amended Petition] implicate important federal constitutional rights." (*Id.*) Respondents argue that (1) Porter presented a cumulative error claim in his state postconviction appeal, but ground 3 of his Third-Amended Petition was not a part of that cumulative error claim, and (2) because ground 6 is unexhausted, ground 7's inclusion of ground 6 renders ground 7 unexhausted. (ECF No. 41 at 10.) Porter clarifies that his Third-Amended Petition contained a typographical error and that he meant to include grounds 4, 5, and 6 of his Third-Amended Petition within his cumulative error claim. (ECF No. 47 at 19.) Turning to Respondents' latter argument, to the extent that ground 7 incorporates ground 6, it is unexhausted.

### C.    Cognizable Claims

Respondents argue that grounds 1.2, 4.2, and 7 are not cognizable in federal habeas. (ECF No. 41 at 12.) Specifically, Respondents argue that grounds 1.2 and 4.2 contain allegations about the cumulative effect of Porter's counsel's errors establishing prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984), and ground 7 alleges cumulative error in his post-conviction proceedings, but according to Respondents,

1  cumulative error claims are not cognizable because circuit courts disagree on whether

2  cumulative error is a basis for federal habeas relief. (*Id*. at 13.)

3         When conducting habeas review, a federal court is limited to deciding whether a

4  conviction violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C.

5  § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Unless an issue of federal

6  constitutional or statutory law is implicated by the facts presented, the claim is not

7  cognizable in federal habeas. *See McGuire*, 502 U.S. at 68. Because United States

8  Supreme Court precedent has clearly established the cumulative error doctrine, grounds

9  1.2, 4.2, and 7 are cognizable. *See Parle v. Runnels*, 505 F.3d 922, 927 (9th Cir. 2007)

10  ("The Supreme Court has clearly established that the combined effect of multiple trial

11  court errors violates due process where it renders the resulting criminal trial fundamentally

12  unfair.").

13         **D.    Duplicative Claims**

14         Respondents argue that ground 1.1 and 4.1[1] are duplicative, with the primary

15  distinction being the new evidence that he added to ground 1.1. (ECF No. 41 at 15.) Porter

16  did not respond to this argument. (ECF No. 47.) Given that the Court has determined that

17  ground 1.1 is unexhausted, it defers ruling on this argument until after Porter has elected

18  how to he wishes to proceed on ground 1.1.

19         **E.    Mixed Petition**

20         A federal court may not entertain a habeas petition unless the petitioner has

21  exhausted all available and adequate state court remedies for all claims in the petition.

22  *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed petition" containing both

23  exhausted and unexhausted claims is subject to dismissal. *Id*. Because Porter's Third-

24  Amended Petition is mixed, he has three options: (1) file a motion to dismiss seeking

25  partial dismissal of only the unexhausted claim(s); (2) file a motion to dismiss the entire

---

26         [1]Respondents argue that the Court should dismiss ground 4.1 to the extent that it

27  asserts state court error for failing to hold an evidentiary hearing. (ECF No. 41 at 14.)
   However, after Porter clarified that he has not attempted to raise a claim related to the

28  state court's failure to hold an evidentiary hearing, Respondents withdrew this argument.
   (ECF No. 51 at 6.)

1   petition without prejudice in order to return to state court to exhaust the unexhausted

2   claim(s); and/or (3) file a motion for other appropriate relief, such as a motion for a stay

3   and abeyance asking the Court to hold his exhausted claim(s) in abeyance while he

4   returns to state court to exhaust the unexhausted claim(s).

5   **III.  CONCLUSION**

6         It is therefore ordered that Respondents' motion to dismiss (ECF No. 41) is granted

7   as follows: (1) grounds 1.1, 6, and a portion of 7 are unexhausted, and (2) ground 1.2 is

8   technically exhausted and procedurally defaulted, although consideration of whether

9   Porter can demonstrate cause and prejudice under *Martinez* to overcome the procedural

10   default of ground 1.2 is deferred until after the filing of an answer and reply in this action.

11         It is further ordered that Porter has 30 days from the date of this order to inform

12   the Court how he wishes to proceed with his mixed petition as outlined in this order. If

13   Porter chooses to file a motion for a stay and abeyance or seek other appropriate relief,

14   the Respondents may respond according to Local Rule 7-2.

15         DATED THIS 3rd day of September 2024.

16

17   _____

18   MIRANDA M. DU
    CHIEF UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28