UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DANIEL S. PORTER,<br><br>　　　　　　　　Petitioner,<br>　v.<br><br>GARRETT, *et al.*,<br><br>　　　　　　　　Respondents. | Case No. 3:22-cv-00089-MMD-CLB<br><br>ORDER |

**I.　SUMMARY**

Petitioner Daniel S. Porter filed a counseled Third Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 27 ("Third Amended Petition").) This Court granted, in part, Respondents' motion to dismiss the Third Amended Petition, finding, in pertinent part, that ground 1.1 was unexhausted. (ECF No. 52.) Porter now moves for reconsideration of this Court's finding regarding ground 1.1. (ECF No. 53 ("Motion")[1].) For the reasons discussed below, the Court grants the Motion and finds ground 1.1 to be exhausted.

**II.　LEGAL STANDARD**

This Court has "the inherent power to reconsider an interlocutory order for cause." LR 59-1(a). A party seeking reconsideration "must state with particularity the points of law or fact that the court has overlooked or misunderstood." *Id*. Reconsideration may be appropriate when "(1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."

---

[1] Respondents opposed the Motion, and Porter replied. (ECF Nos. 54, 57.)

*Id*. "Motions for reconsideration are disfavored" and "must be brought within a reasonable time." LR 59-1(b)-(c).

### III. DISCUSSION

In ground 1.1, Porter alleged that his trial counsel was ineffective for failing to investigate. (ECF No. 27 at 27.) Respondents moved to dismiss ground 1.1 as unexhausted, explaining that although Porter raised a related claim in his state postconviction proceedings, ground 1.1 added new evidence—a forensics report from a newly retained expert, Sara Walker. (ECF No. 41 at 9.) Thus, according to Respondents, ground 1.1 had been fundamentally altered from the claim that the Nevada Supreme Court considered. (*Id*.) Porter rebutted that ground 1.1 was exhausted because he attempted to raise it before the state court, and even though the state court denied his request to hire a DNA expert to support this ground, he appealed that denial to the Nevada appellate courts. (ECF No. 47 at 15–16.) In deciding Respondents' motion to dismiss, this Court found that the addition of the DNA expert's report in ground 1.1 rendered ground 1.1 unexhausted. (ECF No. 52 at 5 (citing *Dickens v. Ryan*, 740 F.3d 1302, 1318 (9th Cir. 2014) ("A claim has not been fairly presented in state court if new factual allegations either fundamentally alter the legal claim already considered by the state courts, or place the case in a significantly different and stronger evidentiary posture than it was when the state courts considered it.")).)

Porter argues that the Court should reconsider its findings regarding ground 1.1 because the Court committed clear error, resulting in a decision that was manifestly unjust. (ECF No. 53 at 3.) Porter contends that, given the state court's refusal to give him the funding he needed to develop the evidence for this claim, this Court should conclude that he fairly presented the substance of his federal claim to the state courts. (*Id*. at 8.) Porter explains that he had no way to present the same evidence and factual allegations to the state courts as he did this Court because the state courts prevented him from doing so. (ECF No. 57 at 3.) Respondents rebut that Porter merely disagrees with the Court's

2

decision and fails to show any change in the law, new evidence, or clear legal error. (ECF No. 54 at 2.)

Although the Court does not find that it committed clear error in finding that the addition of the DNA expert's report fundamentally altered ground 1.1 as compared to its presentation before the state courts, the Court acknowledges that it interpreted ground 1.1 narrowly. The DNA expert's report provides support for ground 1.1 in assessing prejudice under *Strickland*. (*See* ECF No. 26-1.) However, the DNA expert's report is not critical to assessing the merits of ground 1.1. Indeed, in addition to arguing that Porter's trial counsel failed to hire a DNA expert, ground 1.1 is also based, at least in part, on Porter's trial counsel's failure to interview witnesses and investigate the victim. Accordingly, in reevaluating ground 1.1, the Court finds that the DNA expert's report did not fundamentally alter ground 1.1, especially considering that the Court may be prohibited from even considering the report during its merits review of ground 1.1.[2] *See Vasquez v. Hillery*, 474 U.S. 254, 260 (1986) (holding that additional affidavits and statistical evidence did not fundamentally alter the petitioner's claim); *Weaver v. Thompson*, 197 F.3d 359, 364-65 (9th Cir. 1999) (holding that "facts adduced at the evidentiary hearing did not 'fundamentally alter' [the petitioner's] claim"); *cf. Beaty v. Stewart*, 303 F.3d 975, 989–90 (9th Cir. 2002) (holding that a claim was unexhausted where the petitioner presented facts in his federal petition that were "vastly different from what he presented to the" state court); *cf. Aiken v. Spalding*, 841 F.2d 881, 884 n.3 (9th Cir. 1988) (holding that the petitioner's new "evidence place[d] his claim in a significantly different and stronger evidentiary posture than it had when presented in state court").

In sum, the Court finds that ground 1.1 is exhausted, so the Motion is granted.

## IV.   CONCLUSION

It is therefore ordered that Petitioner's motion for reconsideration (ECF No. 53) is granted.

---

[2]The Court previously "defer[red] ruling on the request to strike this new evidence until the time of merits review." (ECF No. 52 at 3-4.)

It is further ordered that ground 1.1 is exhausted.

It is further ordered that Porter has 30 days from the date of this Order to inform the Court how he wishes to proceed with the remainder of his unexhausted grounds, as is outlined in this Court's September 3, 2024, Order (ECF No. 52).

DATED THIS 15th Day of November 2024.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

4